Retention of Strickland as a member of this Court's Bar reflects unfairly on all attorneys who are members in good standing. The procedural novelty of the New Jersey disciplinary proceedings should not excuse Strickland from proving that he is worthy of admission to this Court's Bar, which on this record he has not demonstrated.

The hard fact remains that when Strickland last practiced law in New Jersey, he violated his oath of office by embezzling clients' funds; accordingly, he should be stricken from the rolls of this Court.

No. D–241. IN RE DISBARMENT OF PRIDE. Disbarment entered. [For earlier order herein, see 452 U. S. 902.]

No. D–243. IN RE DISBARMENT OF WITTE. It is ordered that Donald M. Witte, of Clayton, Mo., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. 80–847. COMMON CAUSE ET AL. v. SCHMITT ET AL.; and

No. 80–1067. FEDERAL ELECTION COMMISSION v. AMERICANS FOR CHANGE ET AL. D. C. D. C. [Probable jurisdiction noted, 450 U. S. 908.] Motion of appellees Americans for Change, Americans for an Effective Presidency, Fund for a Conservative Majority, Harrison H. Schmitt, and Carl T. Curtis for divided argument denied.

No. 80–986. NORTH HAVEN BOARD OF EDUCATION ET AL. v. BELL, SECRETARY OF EDUCATION, ET AL. C. A. 2d Cir. [Certiorari granted, 450 U. S. 909.] Motion of the parties to dispense with printing the joint appendix granted.

No. 80–1431. IN RE R. M. J. Sup. Ct. Mo. [Probable jurisdiction noted, 452 U. S. 904.] Motion of the parties to dispense with printing the joint appendix granted.